UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TURKEY CREEK COMMUNITY INITIATIVES, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-1507 (RBW) |
| UNITED STATES ARMY CORPS OF ENGINEERS, | ) ) ) ) | |
| Defendant. | ) ) ) ) | |

**ORDER**

Turkey Creek Community Initiatives ("Turkey Creek"), North Gulfport Community Land Conservancy, Inc. ("NGCLC"), and The Gulf Restoration Network (the "GRN"), the plaintiffs in this civil case, "seek[] review of the final agency action taken by [the d]efendant, the United States Army Corps of Engineers[,] in issuing Regional General Permit SAM-20 (the 'RGP') on May 23, 2007." First Amended Complaint for Declaratory and Injunctive Relief (the "Am. Compl.") ¶ 1. "The RGP permit[ted] the dredge and fill of jurisdictional waters of the United States contained within the Mobile, Alabama District, Regulatory Division's Geographic Boundary of Hancock, Harrison, Jackson, Pearl River, Stone[,] and George Counties, Mississippi," a "region that hosts many acres of vital wetlands which serve to buffer inland communities from the ravages of hurricanes and inclement weather." Id. The plaintiffs allege that the defendant, in issuing the RGP, violated the Administrative Procedure Act, 5 U.S.C. §§ 551-559, 701-706, 1305, 3105, 3344, 4301, 5335, 5372, 7521 (2000), the Clean Water Act, 33

U.S.C. §§ 1251-1387 (2000), and the National Environmental Policy Act, 42 U.S.C. §§ 4321, 4331-4335, 4341-4347 (2000).  Id.  Currently before the Court is the Defendant's Motion to Transfer Venue to the Southern District of Mississippi.  After carefully reviewing the plaintiffs' amended complaint, the defendant's motion to transfer, and all memoranda and exhibits relevant thereto,[1] the Court concludes for the reasons that follow that it must grant the defendant's motion and transfer this case.

Under 28 U.S.C. § 1404(a) (2000), a party seeking a transfer of a case from one district to another "bears the burden of establishing that transfer is proper" by showing that (1) "the plaintiff originally could have brought the action in the proposed transferee district[,]" and (2) "considerations of convenience and the interest of justice weigh in favor of transfer to that court."  Sierra Club v. Flowers, 276 F. Supp. 2d 62, 65 (D.D.C. 2003).  The plaintiffs and defendant agree that venue is proper in both this Court and the Southern District of Mississippi.  Def.'s Mem. 4-5; Pls.' Opp'n 3 n.2.  Because the Court agrees that this action could have originally been brought in the Southern District of Mississippi, the only substantial issue remaining for this Court is whether considerations of convenience and the interests of justice weigh in favor of transferring this case to the Southern District of Mississippi.

The Court has broad discretion to "adjudicate motions for transfer [on] an individualized, case-by-case consideration of convenience and fairness."  Stewart Org., Inc. v. Ricoh Corp., 487

---

[1] In addition to the plaintiffs' amended complaint and the defendant's motion to transfer, the Court considered the following documents in reaching its decision: (1) the defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Transfer Venue (the "Def.'s Mem."), (2) the Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motion to Transfer Under 28 U.S.C. § 1404(a) (the "Pls.' Opp'n"), and (3) the Defendant's Reply Memorandum of Points and Authorities in Support of Motion to Transfer Venue (the "Def.'s Reply").

U.S. 22, 29 (1988) (internal quotations and citation omitted). In determining whether considerations of convenience and the interests of justice weigh in favor of transfer, the Court must balance both private and public interest factors. Id. "[P]rivate interest considerations include: (1) the plaintiff[s'] choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses . . . but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof." Trout Unlimited v. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996). "[P]ublic interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." Id.

With respect to the private interest factors described above, the defendant asserts that this case should be transferred because the challenged action has no significant connection to the District of Columbia. Def.'s Mem. 5-6. On the other hand, the plaintiffs argue that the Court has a connection to the action "[b]ecause the defendant is headquartered in this District" and because pursuant to § 404 of the Clean Water Act, 33 U.S.C. § 1344, the "chain of authority [to issue a permit] ultimately rests with the Chief of Engineers at the Army Corps of Engineers Headquarters located in the District of Columbia." Pls.' Opp'n 5. The plaintiffs contend that this connection to the District of Columbia entitles the plaintiffs to deference in their choice of forum. Id. at 7.

The Court disagrees. While courts generally accord significant deference to the plaintiffs' choice of forum, this Court has recognized repeatedly that "the defendant['s] burden in a motion

to transfer decreases when the plaintiffs' choice of forum has no meaningful nexus to the controversy and the parties." Greater Yellowstone Coal. v. Bosworth, 180 F. Supp. 2d 124, 128 (D.D.C. 2001); see also Islamic Republic of Iran v. Boeing Co., 477 F. Supp. 142, 144 (D.D.C. 1979) (explaining that a plaintiff's choice of forum is accorded "diminished consideration" where "that forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter"). The plaintiffs neither reside in nor have a substantial connection to their chosen forum, the District of Columbia. See Am. Compl. ¶¶ 5-7 (establishing that Turkey Creek and NGCLC are residents of Mississippi, and that the GRN is a resident of Louisiana). In addition, not only was the RGP issued by the Corps Mobile District Regulatory Division, which maintains its principal office in Mobile County, Alabama, and a branch office in Biloxi, Harrison County, Mississippi, but also the RGP's geographic reach is limited to six counties in Southern Mississippi. Def.'s Mem. 6.

The plaintiffs correctly assert that the "chain of authority ultimately rests with the Chief of Engineers at the Army Corps of Engineers Headquarters located in the District of Columbia." Pls.' Opp'n 5. But this fact does not weigh against a transfer of this case because the plaintiffs have not even alleged, much less established that the Chief of Engineers played a significant role in issuing the RGP. See Am. Compl. ¶ 22 (alleging only that "the Army Corps" published the proposed RGP in 2006); id. ¶ 23 (claiming only that "the Corps" issued the RGP in 2007). In the past, this Court has denied a transfer in cases like this one only when the headquarters played more than a routine role in the decision-making process. See Wilderness Soc'y v. Babbitt, 104 F. Supp. 2d 10, 13-14 (D.D.C. 2000) (reasoning that the District of Columbia had a connection to the case before the Court because of the Secretary of Interior's "heavy involvement" in the

4

challenged agency action and because "two of the seven policymakers" who were responsible for the challenged action lived in the District of Columbia); Greater Yellowstone Coal., 180 F. Supp. 2d at 128-29 (denying transfer where high-ranking federal government officials in the District of Columbia were involved in a decision to reissue a grazing permit); see also Trout Unlimited, 944 F. Supp. at 18 (granting transfer because "[t]he decision-making process at both the forest and regional level occurred in Colorado, not in Washington, D.C.").

      The final three private interest factors are irrelevant in this case. Because this case will most likely involve an administrative review, considerations of the convenience of the parties, the convenience of the witnesses, and the ease of access to sources of proof will neither weigh in favor of nor against a transfer. And while the plaintiffs complain that a transfer would be inconvenient because the parties' attorneys are located in Washington, D.C., the location of counsel is afforded little if any weight in a district court's determination whether to transfer a case, particularly where the case is an administrative appeal. Sierra Club, 276 F. Supp. 2d at 69. Accordingly, the defendant has persuasively demonstrated that the private interest factors weigh in favor of transferring this case to the Southern District of Mississippi.

      With respect to the public interest considerations, the defendant asserts that the first two factors (the court's familiarity with the controlling law and the relative congestion of the courts' dockets) should be afforded little significance in the determination of whether a transfer should be granted. Def.'s Mem. 9. It argues that all federal districts hold an equal familiarity with federal environmental law, and in referencing a table detailing pending civil cases, the defendant claims that "congestion of either the transferor or transferee court should [not] be an issue." Id. The plaintiffs disagree, arguing that "[t]his court's . . . extensive familiarity with the statutes at

5

issue" weighs against a transfer, Pls.' Opp'n 9, and that the Southern District of Mississippi has markedly higher caseload congestion that the District of Columbia, id. at 12.

The Court finds the plaintiffs' arguments unpersuasive.  While this Court may be familiar with the statutes at issue in this matter, one federal court is no better suited than another to adjudicate questions of federal law.  See Valley Cmty. Pres. Comm'n v. Mineta, 231 F. Supp. 2d 23, 45 (D.D.C. 2002) (determining that the transferee court's familiarity with the governing laws was irrelevant because in an "action [that] concerns federal law, neither [federal] court is better suited than the other to resolve these issues").  And while the number of weighted filings per judge is higher in the Southern District of Mississippi than in the District of Columbia, it actually takes 37 months for a trial to commence in the District of Columbia after a case is filed as opposed to 25.5 months in the Southern District of Mississippi.  See U.S. District Court Judicial Caseload Profile Report, http://www.uscourts.gov/cgi-bin/cmsd2006.pl.  Moreover, since the present action will be adjudicated on an administrative record, the possibility of a trial is remote. Therefore, the Court finds that these factors neither weigh in favor of nor against a transfer.

While the first two public interest factors favor neither position, the third public interest factor (local interest) weighs in favor of a transfer.  As the defendant correctly observes, the Southern District of Mississippi has a significant interest in adjudicating this case because "the RGP focuses on residential development, a truly local issue best decided in the communities that will be directly benefitted or impacted." Def.'s Reply 6.  Here, those several locations are situated in the Southern District of Mississippi, and that is where this case should be heard.

The plaintiffs argue that "the protection of wetlands under the Clean Water Act is unequivocally a matter of national import[ance,]" which outweighs any local interests.  Pls.'

6

Opp'n 13-14.  But as this Court pointed out in Sierra Club, "[t]he fact that the plaintiffs' claims invoke federal law . . . and are brought by national environmental organizations" means only that the case has a "national aspect," not that the dispute is something other than a local controversy. Sierra Club, 276 F. Supp. 2d at 71.  Here, "the RGP's role in post-hurricane regional development is a pointedly local issue best addressed by courts in Mississippi."  Def.'s Reply 4.

Finally, the plaintiffs cite Nat'l Wildlife Fed'n v. Westphal, No. Civ. A. 98-2700 (EGS), 1999 WL 1567731 (D.D.C. Mar. 3, 1999), Nat'l Wildlife Fed'n v. Norton, Civil Action No. 03-1393 (JR) (D.D.C. Sept. 17, 2003), and Friends of the Earth v. Army Corps of Eng'rs, Civil Action No. 98-0801 (PLF) (D.D.C. Aug. 10, 1998), as examples of cases where other members of this Court denied motions to transfer under similar facts as those present here.  Pls.' Opp'n 14. The "decision" in Norton is actually a minute order entered directly on the Court's docket, which the Court finds of little value in the absence of any analytical assessment.  The other two cases are easily distinguishable.  In Westphal, the plaintiff was a resident of the District of Columbia, Westphal, 1999 WL 1567731, at *1, and in Friends of the Earth the Court denied the defendant's motion for a transfer because the Court had "previously considered a case involving virtually the same parties, facts, and geographic location, as well as many of the same legal issues," Friends of the Earth, slip order at 1.  These unpublished decisions therefore have no bearing on the issues presented in this case, and the Court therefore declines to follow them.

In sum, the District of Columbia lacks any meaningful ties to the controversy and has no particular interest in the parties or subject matter.  The Southern District of Mississippi, on the other hand, has a significant local interest in adjudicating the controversy at issue.  The Court finds that the private and public interest factors used to decide a defendant's request for a transfer

7

weigh in the defendant's favor, and will therefore grant the defendant's motion and transfer this case to the Southern District of Mississippi.

Accordingly, it is

**ORDERED** that the defendant's Motion to Transfer Venue is **GRANTED.**  It is further

**ORDERED** that this case is transferred to the District Court for the Southern District of Mississippi.

**SO ORDERED** this 19th day of March, 2008.

                                    REGGIE B. WALTON
                                    United States District Judge